**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | |
|---|---|
| DANIEL D. BHAGAT,<br><br>         *Plaintiff*,<br><br>   v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>         *Defendant*. | CIVIL ACTION NO. 2:26-CV-01251-KSM<br><br>HONORABLE KAREN MARSTON |

**NAVY FEDERAL CREDIT UNION'S
ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Navy Federal Credit Union ("Navy Federal") submits this *Answer and Affirmative Defenses to Complaint*, filed by Plaintiff Daniel D. Bhagat ("Plaintiff"), on February 25, 2026.  [Doc. 2.]  Answering the corresponding paragraphs of Plaintiff's Complaint (the "Complaint"), unless otherwise noted, Navy Federal states as follows:

**INTRODUCTION**

1.     With respect to the allegations in Paragraph 1 of the Complaint, Navy Federal admits the Complaint's claims for relief speak for themselves.  As for the remaining allegations in Paragraph 1 regarding Plaintiff's alleged theft of an Apple iPhone (the "Device") during a rideshare trip, and the purported thief's ("C.C.") actions following her receipt of the iPhone, Navy Federal is without sufficient information currently to admit or deny these allegations of purported criminal conduct and therefore it denies the same.  In addition, Navy Federal admits that Plaintiff timely disputed the $665.00 Zelle payment from his Navy Federal account (the "Zelle Transaction").  Navy Federal also admits that it denied Plaintiff's claim for the Zelle Transaction; however, it expressly denies Plaintiff's characterization of the denial.  As for the

- 1 -

remaining allegations in this paragraph regarding Plaintiff's theories of recovery and damages sought, Navy Federal denies any failure on its part. Any allegation not specifically admitted is denied.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to federal statute(s) ("Statutes"), which speak for themselves. To the extent the allegations are contrary to the law or Statutes to which they refer, they are denied.

3. The allegations in Paragraph 3 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to a federal venue statute (the "Venue Statute"), which speaks for itself. To the extent the allegations are contrary to the law or the Venue Statute to which they refer, they are denied. With regard to the factual allegations related to the purported theft of Plaintiff's Device, Navy Federal is without sufficient information currently to admit or deny these allegations of purported criminal conduct and therefore it denies the same. With regard to the factual allegations that as to the location of the individual who conducted the Zelle Transaction and the location from which Plaintiff submitted his dispute, Navy Federal is without sufficient information currently to admit or deny these allegations and therefore it denies the same.

**PARTIES**

4. Upon information and belief, Navy Federal admits the allegations in Paragraph 4 of the Complaint regarding Plaintiff's residency and age of majority. The remaining allegations in Paragraph 4 contain statements and conclusions of law to which no response is required and/or

- 2 -

refer to Statutes, which speak for themselves.  To the extent the allegations are contrary to the law or Statutes to which they refer, they are denied.

5.      With respect to the allegations in Paragraph 5 of the Complaint, Navy Federal admits that it is a federally chartered credit union headquartered in Vienna, Virginia.  The remaining allegations in Paragraph 5 contain statements and conclusions of law to which no response is required and/or refer to Statutes, which speak for themselves.  To the extent the allegations are contrary to the law or Statutes to which they refer, they are denied.

## **LEGAL FRAMEWORK**

6.      The allegations in Paragraph 6 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the Electronic Funds Transfer Act (the "EFTA"), Regulation E, and comments on the Consumer Financial Protection Bureau's (the "CFPB") website which speak for themselves.  To the extent the allegations are contrary to the law or the EFTA, Regulation E, and the CFPB's website to which they refer, they are denied.

7.      The allegations in Paragraph 7 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the EFTA, Regulation E, and comments on the CFPB's website which speak for themselves.  To the extent the allegations are contrary to the law or the EFTA, Regulation E, and the CFPB's website to which they refer, they are denied.

8.      The allegations in Paragraph 8 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the EFTA which speak for themselves.  To the extent the allegations are contrary to the law or the EFTA to which they refer, they are denied.

9.      The allegations in Paragraph 9 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under Regulation E and the CFPB's website, which speak for themselves.  To the extent the allegations are contrary to the law or Regulation E and the CFPB's website to which they refer, they are denied.

### FACTUAL ALLEGATIONS

**A.      Platiniff's Account and Enrolled Device**

10.     With respect to the allegations in Paragraph 10 of the Complaint, Navy Federal admits the allegations regarding Plaintiff's Navy Federal checking account and its inclusion of Zelle integration.  As for the remaining allegations in Paragraph 10, Navy Federal is without sufficient information at this time to admit or deny the allegations regarding Plaintiff's exclusive possession and control of the Device and whether Plaintiff authorized any third-party use, and therefore it denies the same.

**B.      Theft of the Device on November 1, 2025**

11.     Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 11 of the Complaint regarding Plaintiff's passenger status during a November 1, 2025 rideshare, that Plaintiff had the Device upon entry of the Uber vehicle, and that Plaintiff exited the vehicle without the Device.  Further, Navy Federal is without sufficient information currently to admit or deny the allegations regarding Plaintiff's averment the Device was stolen, and therefore it denies the same.

12.     Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 12 of the Complaint regarding Plaintiff's receipt of a notification on his

Apple Watch, the purported disabling of features on the Device, and the alleged reasoning behind the disabling, and therefore it denies the same.

**C.    The Thief's Coordinated Criminal Conduct**

13.    Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 13 of the Complaint regarding Plaintiff's commentary on C.C.'s intention of criminal conduct, and therefore it denies the same.

14.    Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 14 of the Complaint regarding Plaintiff's recitation that C.C. answered the Device and falsely stated Plaintiff was deceased, whether this statement caused the University of Pennsylvania Division of Public Safety to be contacted, and the police officers' subsequent actions, and it therefore denies the same.

15.    Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 15 of the Complaint regarding C.C.'s purported posing on Plaintiff's social media accounts, sending vulgar text messages, and deleting emails and other communications on the Device, and therefore it denies the same.

16.    Navy Federal is without sufficient information currently to admit or deny the allegations in Paragraph 16 of the Complaint regarding the allegedly unauthorized transactions totaling more than $5,000.00 with other financial institutions, and therefore it denies the same.

**D.    The Unauthorized $665.00 Zelle Transfer from the Navy Federal Account**

17.    With respect to the allegations in Paragraph 17 of the Complaint, Navy Federal admits the Zelle Transaction was initiated and directed to C.C.  However, Navy Federal is without sufficient information currently to admit or deny the remaining allegations in Paragraph 17 regarding Plaintiff's initiation, authorization, or knowledge of the Zelle Transaction, whether

Plaintiff benefited from the Zelle Transaction, and whether Plaintiff had met C.C. previously, and it therefore denies the same.

18.     The allegations in Paragraph 18 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the EFTA, Regulation E, and comments on the CFPB's website which speak for themselves.  To the extent the allegations are contrary to the law or the EFTA, Regulation E, and the CFPB's website to which they refer, they are denied.

E.      **Plaintiff's Timely Dispute, Detailed Written Appeal, and Navy Federal's Denial**

19.     The allegations in Paragraph 19 of the Complaint refer to Navy Federal's November 10, 2025, initial denial of Plaintiff's fraud claim (the "November 10, 2025 Claim Denial"), which speaks for itself.  To the extent the allegations are contrary to the November 10, 2025 Claim Denial to which they refer, they are denied.  Further, Navy Federal admits that Plaintiff timely sought an appeal of the November 10, 2025 Claim Denial.

20.     The allegations in Paragraph 20 of the Complaint refer to Plaintiff's November 22, 2025, appeal of fraud claim's denial (the "November 22, 2025 Appeal"), Navy Federal's response, and its confirmation of receiving the November 22, 2025 Appeal, which speak for themselves.  To the extent the allegations are contrary to the November 22, 2025 Appeal to which they refer, they are denied.

21.     The allegations in Paragraph 21 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the EFTA, Regulation E, comments on the CFPB's website, and Navy Federal's December 2, 2025 determination on the November 22, 2025 Appeal (the "December 2, 2025 Appeal Denial"), which speak for themselves.  To the extent the allegations are contrary to the law, the EFTA,

- 6 -

Regulation E, the CFPB's website, and the December 2, 2025 Appeal Denial to which they refer, they are denied.

22.     The allegations in Paragraph 22 of the Complaint contain statements and conclusions of law to which no response is required and/or refer to defined terms under the EFTA, which speak for themselves.  To the extent the allegations are contrary to the law and the EFTA to which they refer, they are denied.  Further, Navy Federal is without sufficient information currently to admit or deny the allegations regarding Plaintiff's relationship with C.C. and his commentary on C.C.'s purported actions, which Plaintiff's describes as a "systematic criminal scheme," and therefore it denies the same.  Any allegation not specifically admitted is denied.

23.     The allegations in Paragraph 23 of the Complaint refer to Plaintiff's Motion for Pre-Complaint Discovery filed in the Philadelphia County, Pennsylvania Court of Common Pleas (the "January 2026 Discovery Motion"), which speaks for itself.  To the extent the allegations are contrary to the law or the January 2026 Discovery Motion to which they refer, they are denied.

### CLAIMS FOR RELIEF

### COUNT I – Unauthorized Electronic Funds Transfer

### 15 U.S.C. §§ 1693g, 1639m; 12 C.F.R. § 1005.2(m)

24.     Navy Federal incorporates its answers to each of the foregoing Paragraphs as if they were fully set forth at length herein.

25.     The allegations in Paragraph 25 of the Complaint contain statements and conclusions of law to which no response is required, and/or refer to the EFTA, Regulation E, and comments on the CFPB's website, which speak for themselves.  To the extent the allegations are

contrary to the law or the EFTA, Regulation E, and comments on the CFPB's website to which they refer, they are denied.  Moreover, Navy Federal denies the remaining allegations in Paragraph 25 that it violated the EFTA and that Plaintiff is entitled to damages.  Any allegation not specifically admitted is denied.

<strong><u>COUNT I – Unauthorized Electronic Funds Transfer</u></strong>

<strong>12  C.F.R. § 1005.11; 15 U.S.C. § 1639m</strong>

26.     Navy Federal incorporates its answers to each of the foregoing Paragraphs as if they were fully set forth at length herein.

27.     The allegations in Paragraph 27 of the Complaint contain statements and conclusions of law to which no response is required, and/or refer to Regulation E and comments on the CFPB's website, which speak for themselves.  To the extent the allegations are contrary to the law or Regulation E and comments on the CFPB's website to which they refer, they are denied.  Moreover, Navy Federal denies the remaining allegations in Paragraph 27, including that its investigation into Plaintiff's claim was unreasonable.  Any allegations not specifically admitted, including subparagraphs (a) through (d), are denied.

28.     Navy Federal denies the allegations in Paragraph 28 of the Complaint.  By way of further response, Navy Federal denies that Plaintiff is entitled to any damages, whatsoever, including costs and fees.

<strong><u>PRAYER FOR RELIEF</u></strong>

With respect to the Wherefore Clause of the Complaint—including subparagraphs (a) through (g)—Navy Federal denies that Plaintiff is entitled to the relief requested—or any relief whatsoever.

- 8 -

## JURY DEMAND

The allegations in the Jury Demand portion of the Complaint contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law to which they refer, they are denied.

## NOTE REGARDING DOCUMENTARY EVIDENCE

The allegations in the Note Regarding Documentary Evidence portions of the Complaint contain statements and conclusions of law to which no response is required and/or refer to Navy Federal documents regarding Plaintiff's claim (the "Navy Federal Claim Documents"), which speak for themselves.  To the extent the allegations are contrary to the law or the Navy Federal Claim Documents to which they refer, they are denied.

**ALL REMAINING ALLEGATIONS OF THE COMPLAINT NOT SPECIFICALLY RESPONDED TO HEREIN ARE DENIED.**

### FIRST DEFENSE
**(Waiver, Release, Estoppel)**

Navy Federal asserts that the doctrines of waiver, release, and estoppel (equitable and judicial) bar Plaintiff's claims.

### SECOND DEFENSE
**(Compliance with the Standard of Care and Absence of Breach)**

Navy Federal asserts that its conduct was at all times in conformance with the applicable standard of care and it did not breach any duty or contractual obligation, barring Plaintiff's claims.

### THIRD DEFENSE
**(Lack of Proximate Cause)**

There exists no proximate cause between any alleged conduct by Navy Federal and any injury or damages allegedly incurred by Plaintiff, barring his claims.

**FOURTH DEFENSE**
**(Absence of Damages)**

Plaintiff has not incurred any damages based on the alleged but denied conduct of Navy Federal, barring his claims.

**FIFTH DEFENSE**
**(Plaintiff Cannot Recover Damages Under the EFTA)**

Navy Federal conducted a reasonable investigation of Plaintiff's alleged EFTA claim, in accordance with U.S.C. § 1693f ("[T]he financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days.")

**SIXTH DEFENSE**
**(Failure to Mitigate)**

Plaintiff has failed to mitigate his alleged damages, in whole or in part, barring or reducing his right to recovery.

**SEVENTH DEFENSE**
**(Intervening/Superseding Negligence, and Breach)**

Plaintiff's claims are barred because the alleged damages he seeks were proximately caused by the intervening or superseding negligence, intentional acts, and/or breach of a duty or contractual obligation by a party other than Navy Federal.

**EIGHTH DEFENSE**
**(Bona fide error, under 15 U.S.C. § 1693m)**

Plaintiff's claims are barred, in whole or in part, because to the extent Navy Federal improperly denied his claim, such denial was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error pursuant to 15 U.S.C. § 1693m(c).

**NINTH DEFENSE**
**(Reservation of Additional Defenses)**

Navy Federal reserves the right to assert additional affirmative defenses as the claims of

Plaintiff are more fully disclosed throughout the discovery process.


WHEREFORE, Navy Federal, having fully responded to the Complaint, prays the Court

for the following relief:

1.      That Plaintiff has and recovers nothing from Navy Federal;

2.      For the costs of defending this action, including reasonable attorneys' fees, as

allowed by law; and

3.      For such other and further relief as the Court may deem just and proper.


Dated: April 20, 2026

                                           *s/  Sean M. Craig*
                                           Sean M. Craig (PA I.D. 331672)
                                           TROUTMAN PEPPER LOCKE LLP
                                           3000 Two Logan Square
                                           Eighteenth and Arch Streets
                                           Philadelphia, PA 19103-2799
                                           215.981.4000
                                           Sean.Craig@Troutman.com

                                           *s/  James D. Horne, Jr.*
                                           James D. Horne, Jr.
                                           Admitted *pro hac vice*
                                           (N.C. State Bar No. 38737)
                                           TROUTMAN PEPPER LOCKE LLP
                                           301 South College Street, Suite 3400
                                           Charlotte, North Carolina 28202
                                           Telephone: 704-998-6515
                                           Facsimile: 704-998-4051
                                           Email:  jim.horne@troutman.com

                                           *Attorneys for Defendant*
                                           *Navy Federal Credit Union*

## <u>CERTIFICATE OF SERVICE</u>

I, James D. Horne, Jr., hereby certify that on April 20, 2026, a true and correct copy of

the foregoing document was filed through the Court's Electronic Case Filing (ECF) System and

sent via email and U.S. Mail to:

Daniel D. Bhagat
daniel.bhagat@gmail.com
3945 Chestnut Street, Apartment 301
Philadelphia, Pennsylvania  19104
Telephone: (201) 354-7588

Email: daniel.bhagat@gmail.com

*Plaintiff, pro se*

   *s/  James D. Horne, Jr.*
James D. Horne, Jr.

327293560v3